IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 5:12-CV-212-BO

| | |
|---|---|
| COLONEL HOSEA M. RAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| THOMAS VILSACK, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on plaintiffs' motion to compel production of the full administrative record [DE 41] and plaintiffs' motion for leave to file supplemental complaint [DE 44]. For the reasons stated herein, plaintiff's motion to compel is GRANTED and plaintiff's motion for leave to file is GRANTED.

## BACKGROUND

On April 19, 2012, plaintiffs filed a complaint challenging the defendants' decision to issue Animal Welfare Act ("AWA") licenses to roadside zoo and animal dealer Jambbas Ranch Tours, Inc. ("Jambbas") in contravention of the AWA 7 U.S.C. § 2133. Plaintiffs contend that because Jambbas could not demonstrate that it was in compliance with the AWA before defendant renewed Jambbas's license that the agency's licensing decision was not in accordance with the plain language of the AWA and therefore must be set aside under the Administrative Procedure Act ("APA") 5 U.S.C. 706(2)(A). On July 23, 2012, plaintiffs filed a first amended complaint. On July 25, 2012, defendants filed a motion to dismiss. On January 22, 2013, the Court denied the motion to dismiss. Defendants filed the administrative record ("AR") on March 15, 2013 and supplemented the record on March 29 and April 12, 2013. Plaintiffs now motion to

compel the production of the full administrative record and separately motion for leave to file a supplemental complaint.

## DISCUSSION

I. MOTION TO COMPEL.

Judicial review under the APA is to be based on "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). "[A]n agency may not exclude information on the ground that it did not 'rely' on that information in its final decision." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 793 (E.D. Va. 2008) (citing *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir.1989).

Defendants argue that the records plaintiffs seek to have added to the AR pertain only to enforcement actions and not to license renewals which are an automatic, "rubberstamping" type transaction. This Court has previously rejected the argument offered by defendants here. The Court held that an agency's issuance of a renewal license is not an enforcement action and is presumptively subject to judicial review. [DE 29 at 4–6]. To accept defendants' arguments as to what should be included in the AR would be to accept that the agency should have only considered select documents which lend themselves to an automatic renewal process. However, this case is a dispute about whether or not an automatic renewal process is permissible under the AWA. Although this Court has not yet ruled on the *Chevron* question nor any other merits of the case, this judicial review might eventually reach the issue of what the agency *should have* considered when making its decision. The expansion of the AR does not indicate one way or another as to how this Court will rule on the merits of the case. But to exclude information from the AR that the agency clearly had in its possession at the time it made its determination would

2

be too limiting. Should the Court find that the current renewal process is not consistent with the AWA, it will need to review everything that was "before the secretary" not only the few documents the agency "relied on" in making its decision. Plaintiffs have definitively shown, and defendants' own documents support, that the agency was in possession of all of the documents plaintiffs seek to have included at the time the renewal was considered. Although "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court," *Fayetteville Area Chamber of Commerce v. Volpe*, 515 F.2d 1021, 1024 (4th Cit. 1975), this Court has not created anything. The agency had all of the documents at issue in its possession at the time it made its decision. Further, even if the Court is to grant the AR a presumption of regularity, the presumption does not survive *Pamlico-Tar River Found. v. U.S. Army Corps of Eng'gs*, 329 F. Supp. 2d 600, 609–10 (E.D.N.C. 2004). The information at issue here is potential relevant evidence that the agency did not consider. *See id.*

The Court orders that the documents plaintiffs seek to be included in the AR be included in addition to any other documents pertaining to Jambbas Ranch Tours, Inc. whether they be complaints, inspection reports, renewal applications or otherwise that the agency had in its possession at the time it made its license renewal decision. Defendants are ordered to produce a privilege log for any portion of the AR they contend is privileged. Defendants are *not* ordered to reimburse plaintiffs for fees and costs associated with this motion.

II.     MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT.

Defendants object to plaintiffs' motion to file supplemental complaint on 12(b)(6) grounds in blatant disregard of this Court's prior ruling. [DE 29]. Defendants merely rehash the arguments the Court rejected in denying defendants' motion to dismiss. Plaintiffs' motion does not fail on 12(b)(6) grounds.

3

Defendants also raise, for the first time, the issue of standing. Plaintiffs have met their burden of sufficiently alleging standing at this stage of the proceedings. Plaintiffs do not bear the burden of *proving* standing until summary judgment. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Defendants concede that Col. Hosea Ray and Rikki Harrison have adequately alleged injury-in-fact. PETA and ALDF have sufficiently alleged injury-in-fact by alleging that defendants' actions have perceptibly impaired their ability to fulfill their mission. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982). Plaintiffs have also adequately alleged causation. In cases challenging agency action, a plaintiff need only show that the challenged agency action "causes or contributes to the kinds of injuries alleged." *Natural Res. Def. Council v. Watkins*, 954 F.2d 974, 980 (4th Cir. 1992). Moreover it is sufficient that an agency action authorizes the conduct that injures the plaintiff, when, as here, such conduct "would have been illegal without that action." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 45 n.25 (1976). Plaintiffs have also sufficiently alleged redressibility. It suffices for redressibility purposes that a favorable ruling will result in the plaintiff's injuries "hav[ing] less probability of occurring." *Pye v. United States*, 269 F.3d 459, 471 (4th Cir. 2001). Accordingly, plaintiffs' motion for leave to file supplemental complaint is granted.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel is GRANTED. Plaintiffs' motion for leave to file is GRANTED. The Court ORDERS the documents plaintiffs seek to be included in the AR, be included, in addition to any other documents pertaining to Jambbas Ranch Tours, Inc. whether they be complaints, inspection reports, renewal applications or otherwise that the

4

agency had in its possession at the time it made its license renewal decision. Defendants are ORDERED to produce a privilege log for any portion of the AR they contend is privileged. The clerk is directed to file plaintiffs' supplemental complaint.

SO ORDERED.

This the _7_ day of October, 2013.

                                             *Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5